[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO COMPEL POSTJUDGMENT PRODUCTION AND PLAINTIFF'S POSTJUDGMENT MOTION FOR CONTEMPT
The plaintiffs Anthony and Cynthia Colandro recovered a judgment in this civil action against the defendant Biller Associates, Inc., a Connecticut corporation, in the amount of $15,001.00, plus certain interest and costs. The judgment was entered on November 12, 1998. The CT Page 8182 matter is now on appeal to the Appellate Court. Nonetheless, the plaintiffs have now initiated certain postjudgment proceedings in an effort to discover assets which may be used to secure or satisfy the judgment should they prevail on appeal.
The plaintiffs filed a Petition for Examination of Judgment Debtor, alleging that postjudgment interrogatories had been served on the debtor without a response. Conn. Gen. Stat. § 52-397. The Order for Examination and Notice of Hearing set the date of August 16, 1999, for the hearing. It is worth noting that the petition lists Meyer Biller as an additional judgment debtor. Although Mr. Biller was a defendant in the lawsuit, the court found no liability against him, and he is not a judgment debtor. There was no return of service on the August 1999 petition, and the court took no action at that time.
Thereafter, plaintiffs filed a new petition with May 30, 2000, as the date set for the examination of biller Associates, Inc. The plaintiffs also served subpoenas on Meyer Biller and on his wife Sandra Wright Biller commanding them to attend the examination to testify and to produce "any and all records of and concerning Biller Associates, Inc., and Biller Associates-Tri-State, LLC; and Adjusting for the Insured by Meyer Biller, Inc., to be used in evidence in the trial thereof."
The examination of these individuals occurred on the record on May 30, 2000. Sandra Wright Biller testified that she possesses no records of the judgment debtor. She was listed on the last corporate report filed with the Secretary of the State's office in 1996 as the Treasurer and as a director of the corporation. Nonetheless, the plaintiffs have failed to prove that Sandra Wright Biller has any knowledge about the assets of the judgment debtor. Nor is there sufficient evidence for the court to conclude that she is untruthful when she states that she does not know the current whereabouts of any of the corporate records.
Meyer Biller was formerly an employee of Biller Associates, Inc. He testified that the judgment debtor corporation had ceased operation for all practical purposes some years ago, although it had not been formally dissolved to his knowledge. The last corporate report filed one and one half years before judgment entered in this case does not indicate that Meyer Biller was either an officer or a director of that company. Rather Sandra Biller, another family member (as distinguished from Sandra Wright Biller, Meyer Biller's wife), was the President. Patti Biller, adult daughter of Meyer Biller, was the Vice-President. And Florence Biller was the Secretary. Meyer Biller testified that he has no idea where the records of Biller Associates, Inc., are.
On April 30, 1998, Biller Associates, Inc., amended its certificate of CT Page 8183 incorporation to change its name to Adjusting for the Insured by Meyer Biller, Inc.
The evidence suggests that Meyer Biller continues to work as a public insurance adjuster, as an employee and member of Biller Associates-Tri-State, LLC. The evidence further suggests that Biller Associates, Inc., was a closely held family business in which Meyer Biller had substantial influence for a time. There is no evidence that Meyer Biller was ever a director or officer of the judgment debtor such that he now has the right to access to or possession of its corporate records, tax returns, or balance sheets — the kinds of information that ajudgment debtor might lawfully be required to disclose in this proceeding.
The plaintiffs assert that Sandra Wright Biller and Meyer Biller were being untruthful when they testified that they did not know the whereabouts of the corporate records. The plaintiffs ask that the court order these witnesses to produce the "records" of three corporations: Biller Associates, Inc., the judgment debtor; Biller Associates-Tri-State,LLC, which may or may not be the same as Biller Associates-Tri-State, Inc. and Adjusting for the Insured by Meyer Biller, Inc., which is the amended name of the judgment debtor.
After hearing evidence and argument on two separate days, what is apparent to the court is that the plaintiffs are unhappy that they have not yet been able to enforce this judgment. Moreover, they intend through their counsel to make life as miserable as possible for all those whom they feel may have been responsible for the corporate actions that led to the judgment. But it remains the case that no liability was found at trial against Meyer Biller personally. Nor is there evidence that he has ever been legally entitled to possession of any of the records of Biller Associates, Inc., sought by the plaintiffs.
On May 30, when it was conceded that Meyer Biller was a member of Biller Associates-Tri-State, LLC, the court did order that he make available records of that entity, provided that the parties confer upon the scope of the production so that only information relevant to any transfer of assets into the LLC from the judgment debtor be disclosed. Upon further reflection, however, the court is unpersuaded that the plaintiffs have any right to examine records of subsequent business entities operated by members of the Biller family.
The procedure for postjudgment discovery of the assets of a judgment debtor is governed entirely by statute. See Conn. Gen. Stat. § 52-351b. The creditor must first commence such discovery through service of interrogatories upon the judgment debtor in a form prescribed by the CT Page 8184 judges of the Superior Court. The statute limits the scope of the interrogatories.
 With respect to assets, the person served is required to reveal information concerning the amount, nature and location of the judgment debtor's nonexempt assets up to an amount clearly sufficient in value to ensure full satisfaction of the judgment with interest and costs, provided disclosure shall first be required as to assets subject to levy or foreclosure within the state.
Conn. Gen. Stat. § 52-351b. The statute thus limits inquiry, in the case of a debtor corporation, to the amount, nature and location of assets. The corporation here is alleged to have failed to answer the initial interrogatories on those issues. On such failure, the statute prescribes the following:
 On failure of a person served with interrogatories to return, within the thirty days, a sufficient answer or disclose sufficient assets for execution, or on objection by such person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure including (1) an order for compliance with the interrogatories or (2) an order authorizing additional interrogatories. The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court. The court may order such additional discovery as justice requires provided the order shall contain a notice that failure to comply therewith may subject the person served to being held in contempt of court.
Sec. 52-351b(c).
Assuming in this case that Sandra Wright Biller, who is a corporate officer, was "a person served with interrogatories" so that her testimony in court may be said to be the equivalent of the taking of her deposition, the question is what additional discovery ought the court to order or alternatively what sanctions ought the court enter against her for the failure to produce records in compliance with the subpoena. The court is of the opinion that no sanctions should enter. The scope of the CT Page 8185 production requested by the plaintiffs "subpoena extends far beyond an inquiry into "the amount, nature and location of the judgment debtor's non-exempt assets" contemplated by the statute. It does not appear that the plaintiffs even inquired of the witness about the corporation's assets, only about its "records" and whether there was still an ongoing insurance adjustment business with which any of the family were still involved.
This is not to say that, when an inquiry is made about the amount, nature and location of a judgment debtor's assets, a judgment creditor need always take an incredible "I don't know" as the definitive answer. In a certain cases, sanctions may be appropriate; and further orders of the court designed to compel recalcitrant or deceitful witnesses to comply with court procedures may be necessary. But based on the evidence presented in this case the court does not find that to be warranted with respect to Sandra Wright Biller.
The facts and the law also do not support a finding of contempt as requested by the plaintiffs against Meyer Biller. The statutes permits certain postjudgment discovery directed to third parties "as justice requires. . . ." Conn. Gen. Stat. § 52-351b(c). The court finds that some discovery directed to Meyer Biller, whom the court finds was involved with and knowledgeable about Biller Associates, Inc., may be appropriate. But the plaintiffs have evidently failed to inquire about the ordinary assets of a small corporation and have assumed that the corporation must have had substantial assets and simply hidden them through fraudulent transfers to other family businesses. The suspicions of the plaintiffs are not a substitute for the specific inquiries directed to the proper persons permitted by statute. To rule otherwise in this case, given what the court has seen so far, is to permit the plaintiffs to use a modest money judgment against a corporation as a cudgel against all family members who may once have been associated with the judgment debtor. That is particularly true here, where the matter is still on appeal.
The court is nonetheless of the opinion that the plaintiffs are entitled to continue to pursue limited discovery pendente appeal of information about what corporate assets of the judgment debtor, if any, may exist. The court believes this is best done, at this point, through the use of interrogatories, such as those specifically permitted under Conn. Gen. Stat. § 52-351b(a) and (b). Should the plaintiffs wish to avail themselves of such discovery through court-approved interrogatories served on Meyer Biller, Sandra Wright Biller, Patti Biller, or any corporate officer of Biller Associates, Inc., or Adjusting for the Insured by Meyer Biller, Inc., the court permits them to do so, provided such interrogatories are served within thirty days of the date of this CT Page 8186 memorandum. Pursuant to § 52-351b(c), the court orders the witnesses who are currently before the court, Sandra Wright Biller and Meyer Biller, to respond to any such interrogatories as may be propounded within thirty days thereafter.
The court declines to order any further production pursuant to the subpoenas served on Sandra Wright Biller or Meyer Biller at this time and vacates its prior order that records of Biller Associates-Tri-State, LLC, be produced, effectively entering a protective order herewith against such production. See Conn. Gen. Stat. § 52-351b(d). Except as otherwise specified in this memorandum, the court denies the request of the plaintiffs to compel further postjudgment production and denies the motion for contempt in all respects.
Patty Jenkins Pittman, Judge